UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PRESTON FRANKFORD SHOPPING CENTER
DALLAS TX. LIMITED PARTNERSHIP,

                                  Plaintiff,

                                                                                   <u>DECISION AND ORDER</u>

                                                                                   10-CV-6448L

                                   v.

BUTLER DINING SERVICES, LLC
d/b/a Newk's Café,
TOMMY E. BUTLER,
GALE M. BUTLER,

                                  Defendants.
_____

This action was commenced on July 2, 2010, in New York State Supreme Court, Monroe County, by plaintiff Preston Frankford Shopping Center Dallas, Tx. Limited Partnership ("Preston"), against defendants, Butler Dining Services, LLC d/b/a Newk's Café ("Newk's"), Tommy E. Butler, and Gale M. Butler ("the Butlers"). Preston, a Delaware corporation with its principal place of business in Rochester, New York, alleges that in July 2008, Preston and Newk's entered into a ten-year lease, under which Newk's was to lease space in a Dallas, Texas shopping center owned by Preston. In conjunction with that lease, the Butlers allegedly entered into an agreement with Preston, in which they unconditionally guaranteed Newk's performance of the terms and conditions of the lease.

The complaint alleges that defendants stopped paying the rent due under the lease on or about March 1, 2010, and that they have paid no rent since then. Preston alleges that it has sent notices of default to the defendants, and that defendants have not cured the default. Plaintiff seeks damages for past due rent and future rent due under the lease for its remaining term.[1]

Defendants, who are alleged to reside in Mississippi, removed the action to this Court on August 5, 2010. On September 13, 2010, defendants filed a motion for a temporary restraining order, seeking to enjoin Preston from proceeding with a public sale of certain property belonging to Newk's, which Preston has seized from the leased premises. That sale is currently scheduled to take place on September 16, 2010, in Addison, Texas. *See* Dkt. #15-3 at 1.[2] Preston has filed papers in opposition to the motion.

Defendants' motion is denied. To obtain a preliminary injunction, the moving party must establish (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party. *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009). *Accord 1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406 (2d Cir.), *cert. denied*, 546 U.S. 1033 (2005). Whether to grant or deny a preliminary injunction under these standards lies within the sound discretion of the district court. *S.C. Johnson*

---

[1] The form lease agreement provides that the parties agree that any action arising out of the lease may be brought in the state in which Preston's principal office is located. Dkt. #1 at 20, § 22.03.

[2] It appears that defendants were first informed of the planned sale on or about August 19, 2010. *See* Aff. of Tommy E. Butler (Dkt. #13) ¶ 4 and Ex. A.

*& Son, Inc. v. Clorox Co.*, 241 F.3d 232, 237 (2d Cir. 2001); *P & G v. Ultreo, Inc.*, 574 F.Supp.2d 339 (S.D.N.Y. 2008).

Defendants have not met that standard. They have not demonstrated a likelihood of success on the merits, or even serious questions going to the merits.

Section 2.01 of the lease, which deals with Newk's obligation to pay rent, provides that "[t]o secure payment of said rent, Owner is hereby given a lien on all movable property of Tenant placed in the leased premises, but the statutory Owner's lien for rent is not waived, the express lien herein granted being in addition thereto." Preston perfected this lien by filing a UCC Financing Statement on or about July 2, 2009. *See* Aff. of Nicholas Vassello (Dkt. #15) ¶ 7 and Ex. 1.

Contrary to defendants' unsupported assertion that Preston "has no right under the law to force such a sale" in the absence of a judgment or court order, § 9-609 of the Uniform Commercial Code provides that "after default, a secured party may take possession of the collateral," either "pursuant to judicial process," or "without judicial process, if it proceeds without breach of the peace." *See Merrill Lynch Commercial Finance Corp. v. American Standard Testing and Consulting Laboratories, Inc.*, No. CV-09-4721, 2010 WL 114280, at *7 (E.D.N.Y. Jan. 12, 2010); *Property Clerk v. Leon*, No. 400171/10, 2010 WL 3529512, at *2 n.5 (Sup. Ct. N.Y. County Aug, 9, 2010); *accord Pokorne Private Capital Group, LLC v. 21st Mortg. Corp.*, No. 13-06-575-CV, 2008 WL 963296, at *9 (Tex. Ct. App., Corpus Christi, Apr. 10, 2008).[3]

---

[3]Although the lease provides that Newk's consents to jurisdiction in New York, there does not appear to be any choice-of-law provision in the lease. It is immaterial whether New York or Texas law applies here, however, since they are identical in this respect.

Section 9-615(a) of the UCC also provides that "[a]fter default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing." *See Royal Palm Senior Investors, LLC v. Carbon Capital II, Inc.*, No. 08CV4319, 2009 WL 1941862, at *4 (S.D.N.Y. July 7, 2009); *Ford Motor Credit Co. LLC v. Black*, 27 Misc.3d 1211(A), 2010 WL 1539732, at *6 (N.Y.C. Civ.Ct., Apr. 14, 2010); *accord* Tex. Bus. & Com. Code § 9.610. Thus, the UCC expressly authorizes the seizure and sale of collateral under the circumstances presented here.

There is also nothing before me to suggest that the planned public sale of the property, which has been advertised in a Dallas-area newspaper, The Commercial Daily Record, *see* Dkt. #15-3, could be deemed anything other than commercially reasonable. *See Orix Credit Alliance, Inc. v. Fan Sy Productions, Inc.*, 215 A.D.2d 113, 113 (1st Dep't 1995); *Swofford Investments, L.L.P.*, 195 S.W.3d 746, 751-52 (Tex. Ct. App., Amarillo, 2006). In short, there is no legal support for defendants' arguments concerning the alleged impropriety of this sale.[4]

---

[4]The Court's finding concerning the merits of defendants' arguments renders it unnecessary for me to address the balance of hardships or the possibility of irreparable harm. I note, however, that it does not appear that defendants could meet their burden under those prongs of the standards for granting preliminary injunctive relief.

## CONCLUSION

Defendants' motion for a temporary restraining order (Dkt. #11) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 15, 2010.