```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PRESTON FRANKFORD SHOPPING CENTER
DALLAS, TX. LIMITED PARTNERSHIP,

                        Plaintiff,
                                                    DECISION AND ORDER

                                                    10-CV-6448L

            v.

BUTLER DINING SERVICES, LLC
d/b/a Newk's Café            ,
TOMMY E. BUTLER,
GALE M. BUTLER,

                        Defendants.
_____
```

This action was commenced on July 2, 2010, in New York State Supreme Court, Monroe County, by plaintiff Preston Frankford Shopping Center Dallas, Tx. Limited Partnership ("Preston"), against defendants Butler Dining Services, LLC d/b/a Newk's Café ("Newk's"), Tommy E. Butler, and Gale M. Butler ("the Butlers"). Preston, a Delaware corporation with its principal place of business in Rochester, New York, alleges that in July 2008, Preston and Newk's entered into a ten-year lease, under which Newk's was to lease space in a Dallas, Texas shopping center owned by Preston. In conjunction with that lease, the Butlers entered into an agreement with Preston, in which they unconditionally guaranteed Newk's performance of the terms and conditions of the lease.

On September 18, 2010, the Court issued a Decision and Order denying defendants' motion for a temporary restraining order enjoining plaintiff from proceeding with the public sale of certain movable property belonging to defendants, which had been seized by plaintiff for nonpayment of rent from the leased premises. 2010 WL 3609469. Defendants now move for an order dismissing this case for improper venue under Fed. R. Civ. P. 12(b)(3), or in the alternative transferring this action

either to the United States District Court for the Southern District of Mississippi or to the Northern District of Texas, pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motion is denied.

## BACKGROUND

The relevant facts are set out in the Court's prior Decision and Order, familiarity with which is assumed. Additional facts will be recited here only insofar as they are of particular relevance to the motion before me.

The lease agreement between Preston and Newk's, which was signed by plaintiff Tommy Butler on behalf of Newk's, states, *inter alia*, that "Owner [Preston] and Tenant [Newk's] agree that any action, suit or proceeding arising out of this Lease or otherwise, may be brought in the courts in which Owner's principal office is located," and that in the event of such a suit, "Tenant expressly and specifically consents to the jurisdiction of the state in which Owner's principal office is located; Tenant agrees that venue may be laid in the county of Owner's principal place of business; and Tenant waives all objections to venue on the grounds of forum non conveniens or for any other reasons." Dkt. #1 at 12, § 22.03. That agreement also states at the top of page one that it is being entered into by Newk's and by Preston, "with its principal office located at 270 Commerce Drive, Rochester New York 14623." Dkt. #1 at 11.

The lease guaranty, which was entered into and signed by both the Butlers, states, *inter alia*, that the Butlers "guarantee[], unconditionally and absolutely, the full and faithful performance and observance of all the covenants, terms, and conditions of the Lease ... ." Dkt. #1 at 45, § (a). It also states that "Owner and Tenant agree that any action, suit or proceeding arising out of this Lease or otherwise, may be brought into the courts in which Owner's principal office is located ...," and it goes on to repeat the rest of the language of the forum selection clause in the lease agreement. Dkt. #1 at 46, § (n).

In support of their motion to dismiss or to transfer, defendants have submitted an affidavit of Tommy Butler, in which he states that "at no time did [he] ever understand [that by signing the guaranty he would] be forced to bring any claims related to this Guaranty, exclusively in the State of New York." Dkt. #23 ¶ 15. He contends that "neither [Gale Butler] nor [he] ever 'expressly agreed' to submit to jurisdiction in New York," and that "[i]t was never explained to [them] that executing such a guaranty would mean submitting to exclusive jurisdiction in New York State ...." *Id.* ¶¶ 16, 17. Defendants contend that Preston's "concealment or purposeful omission of this alleged material fact in inducing [the Butlers] to sign such a document was intentional and ultimately part of a scheme to defraud [them]," as well as "a deplorable effort by Plaintiff to prejudice [the Butlers'] rights and abilities to seek legal intervention in a forum more convenient or accessible" to them. *Id.* ¶ 17.

Butler goes on to state that defendants have filed an action against Preston in the United States District Court for the Southern District of Mississippi. A copy of the complaint in that action, which was filed in Mississippi on October 21, 2010, has been submitted by defendants; *see* Dkt. #24-2.

## DISCUSSION

A district court may exercise its discretion to transfer venue "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Among the factors to be considered in determining whether to grant a motion to transfer venue "are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (internal quotation marks and alteration omitted).

"[T]he party requesting transfer carries the 'burden of making out a strong case for transfer,'" and the Second Circuit has endorsed the application of the clear-and-convincing-evidence standard in determining whether a court should exercise its discretion to grant a transfer motion. *New York Marine and Gen. Ins. Co. v. Lafarge North America, Inc.,* 599 F.3d 102, 114 (2d Cir. 2010) (quoting *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989)).

The Court of Appeals has also stated that "[a]ny review of a *forum non conveniens* motion starts with 'a strong presumption in favor of the plaintiff's choice of forum.'" *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 154 (2d Cir. 2005) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)), *cert. denied*, 547 U.S. 1175 (2006). "Indeed, it is generally understood that, 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 501, 508 (1947)).

In the case at bar, not only has plaintiff selected this district as its chosen forum, but the underlying contracts also contain forum selection clauses selecting Monroe County, New York as a permissible venue, as well as waivers of any objections to venue being laid here. In deciding whether to enforce a forum selection clause, courts in this circuit engage in a four-step inquiry.

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause.
>
> If the forum selection clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."

*Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)) (citations omitted). *Accord S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 708 (2d Cir. 2010).

In the case at bar, the forum selection clause, in itself, does not expressly mandate the Western District of New York as the exclusive forum in which to litigate any disputes. It provides only that a lawsuit "may be brought in the courts in which Owner's principal office is located," *i.e.*, Monroe County.

In general, "where parties contract to a so-called permissive forum selection clause, that is, one that designates a forum in advance, but does not preclude a different choice, the *M/S Bremen* presumption of enforceability does not apply. Instead, in such cases, the traditional forum non conveniens standards ... apply." *Aguas Lenders Recovery Group v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009) (citations omitted).

Where a contract also contains a waiver of objections to venue, however, the forum selection clause will be treated as mandatory. In *Aguas Lenders*, the Second Circuit stated that it

> need not decide whether the forum selection clauses in the present matter are, standing alone, mandatory or permissive. At least one of the contracts–one of the IFA's–contains a waiver of any claims of forum non conveniens in addition to a forum selection clause. The combination of these clauses amounts to a mandatory forum selection clause at least where the plaintiff chooses the designated forum, as ALRG did here.

*Id.* See also *AAR Int'l, Inc. v. Nimelia's Enter. S.A.*, 250 F.3d 510, 525-26 (7th Cir.) ("[I]n this case we have more than merely a permissive forum selection clause; we have such a clause plus unambiguous language providing that the lessee shall not object to venue ... on the ground ... [of] inconvenient forum ... . [W]e conclude that the stricter standards announced in *Bremen* ... should control"), *cert. denied*, 534 U.S. 995 (2001).

Defendants, however, contend that the contents and effect of the forum selection clause were never communicated to them. That assertion, however, is refuted by the plain language of the relevant documents.

"[I]t is a fundamental principle of contract law that a person who signs a contract is presumed to know its terms and consents to be bound by them." *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) (enforcing forum selection clause where plaintiff had not read the clause prior to signing the contract) (citing 3 Arthur L. Corbin, Corbin on

- 5 -

Contracts 607 (1989), and 13 Samuel Williston, Williston on Contracts 1577 (1988)). That principle has been applied in the courts of New York, Texas, and Mississippi.[1] *See, e.g., Weingrad v. Telepathy, Inc.*, No. 05-CV-2024, 2005 WL 2990645, at *4 (S.D.N.Y. Nov. 7, 2005) (stating that a party was "bound by the terms of the forum selection clause even if he did not take the time to read it because 'a signatory to a [contract] is presumed to have read, understood and agreed to be bound by all terms, including the forum selection clauses, in the documents he or she signed'") (quoting *Sun Forest Corp. v. Shvili*, 152 F.Supp.2d 367, 382 (S.D.N.Y. 2001) (internal citation omitted))); *Marine Midland Bank, N.A. v. Idar Gem Distributors, Inc.*, 133 A.D.2d 525, 526 (4th Dep't 1987) ("A party to a writing is presumed to have read and understood the document which he signed"); *In re Expunction of Jones*, 311 S.W.3d 502, 505 (Tex. App.-El Paso 2009) ("[a]bsent proof of mental incapacity, a person who signs a contract is presumed to have read and understood the contract, unless he was prevented from doing so by trick or artifice") (internal quote omitted); *Terminix Intern., Inc. v. Rice*, 904 So.2d 1051 (Miss. 2004) (stating that "[i]t is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it," and that "the law presumes that [plaintiff] read the agreement he signed" with defendant).

Defendants' conclusory allegation that Preston somehow concealed the forum selection clause is completely lacking in support. The clause is plainly set forth in both the lease agreement and the lease guaranty. Although neither of them expressly states that jurisdiction may be had in Monroe County, New York, they do state that "venue may be laid in the county of Owner's principal place of business;" and that defendants consented to jurisdiction there, and the lease agreement, which was signed by Tommy Butler on behalf of Newk's, states at the top of the first page that Preston's principal office is located in Rochester, New York, which is in Monroe County. The import of those provisions should have been quite clear, and they were hardly written in such a way as to obscure their meaning, nor have defendants set forth any facts suggesting any deception or

---

[1] Neither the lease agreement nor the lease guaranty appears to contain a choice-of-law provision.

fraud on plaintiff's part. *See Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co.*, 2004 WL 421793, at *5 (S.D.N.Y. Mar.5, 2004) (stating that the "forum selection clause was in no way hidden from [the non-moving party] or buried in contract minutia. Rather, the clause was its own paragraph, set-off by a title clearly indicating its purpose").

The forum selection clause, then, is presumptively enforceable, and I find that defendants have not succeeded in rebutting that presumption. To do so, defendants would have to show that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Phillips*, 494 F.3d at 383-84. As stated, there is no evidence of fraud here, nor have defendants shown that enforcement of the clauses would be unreasonable or unjust.

The exception to enforceability based on fraud or unreasonableness "is interpreted narrowly, rendering forum selection clauses unreasonable only:

> (1) if their incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party will for all practical purposes be deprived of his day in court, due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state."

*S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 711 (2d Cir. 2010) (quoting *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993)).

Aside from the conclusory, unsupported allegation that Preston concealed the forum selection clause in the two agreements, plaintiffs offer nothing in support of their motion other than the argument that it would be more burdensome for them to litigate this action in New York than for Preston to litigate it in Mississippi. That is not enough to overcome an otherwise valid forum selection provision. *See Universal Grading Service v. eBay, Inc.*, No. 08-CV-3557, 2009 WL 2029796, at *21 (E.D.N.Y. June 10, 2009) ("Although it is more burdensome on plaintiffs to require them to travel to California than it would be on defendants to require them to travel to New York, monetary hardship alone does not defeat the operation of a forum selection clause with regard to those plaintiffs who are bound by it"); *Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co.*, No. 03 Civ. 5262, 2004 WL 421793, at *4 (S.D.N.Y. Mar.5, 2004) ("Simply claiming financial distress

does not warrant setting aside a valid forum selection clause") (citing *Envirolite Enterprises, Inc. v. Glastechnishe Industrie Peter Lisec Gesechaft M.B.H.*, 53 B.R. 1007 (S.D.N.Y. 1985) (refusing to find that enforcement of a forum selection clause would be unreasonable simply because the plaintiff was bankrupt), *aff'd*, 788 F.2d 5 (2d Cir. 1986)). *See also Duke, Holzman, Photiadis & Gresens LLP v. Cosentino*, No. 08-CV-437, 2009 WL 57574, at *4-*5 (W.D.N.Y. Jan. 8, 2009) ("Defendant has offered no exceptional facts showing that this forum selection clause should not be enforced"). Defendants' motion must therefore be denied.

## CONCLUSION

Defendants' motion to dismiss the complaint or in the alternative to transfer this action (Dkt. #6) is hereby denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 8, 2010.